**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DAMPSKIBSSELSKABET NORDEN A/S, | § | |
| | § | **CIVIL ACTION NO.** |
| Plaintiff, | § | |
| v. | § | **26-cv-5207** |
| | § | |
| POLARIS BANK LIMITED, | § | **ADMIRALTY RULE 9(h)** |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER FOR WRIT OF MARITIME ATTACHMENT AND GARNISHMENT**
**PURSUANT TO ADMIRALTY RULE B**

The Court, having considered the Verified Complaint for issuance of process of maritime attachment and garnishment and the required declaration, and finding the conditions for an action under Supplemental Admiralty Rule B appear to exist, has determined that Plaintiff's request for issuance of a Writ of Maritime Attachment and Garnishment pursuant to Admiralty Rule B should be, and is, GRANTED.

IT IS ORDERED that the Clerk of this Court is instructed to issue a Writ of Maritime Attachment and Garnishment, as prayed for in the Verified Complaint, against all property, tangible or intangible, including cash, monies, funds, wires or electronic transfers in or into correspondent, checking, savings, escrow, or other accounts, assets, accounts payable, credits and/or debits, balances, certificates of deposit, letters of credit or proceeds therefrom, effects, debts, receivables, stocks, bonds or other securities, sums owing under a credit agreement, or any other contractual agreements and/or other obligations, in the amount of $5,288,069.73, plus interest, costs and attorney's fees of $712,833.52, totaling $6,000,903.25, belonging to, due to, held for, or otherwise owned by or for the benefit of Defendant Polaris Bank Limited or in its name, moving through, or within the possession, custody, or control of each of the Garnishees

named in Plaintiff's Verified Complaint filed June 17, 2026, *to wit* Citibank, N.A., Standard Chartered Bank, and United Bank for Africa, seeking security for the claims being pursued by Plaintiff in a London arbitration between the parties more fully described in Plaintiff's Verified Complaint, and said Order being equally applicable with respect to the issuance and service of additional Writs of Maritime Attachment and Garnishment upon any garnishee in this District not named therein; and

IT IS FURTHER ORDERED that the U.S. Marshal of the Southern District of New York, or his lawful deputy, shall serve a copy of the Writ of Maritime Attachment and Garnishment upon the Garnishees, as well as a copy of this Order, the Summons, Verified Complaint, and interrogatories.

IT IS FURTHER ORDERED that, in lieu of service by the U.S. Marshall, pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, Rule B(1)(d)(ii) of the Supplemental Rules for Admiralty or Maritime Claims, and Local Admiralty Rules of the Southern District of New York, Joseph Johnson, Edward Floyd and Luke Zadkovich of Floyd Zadkovich (US) LLP, counsel for Plaintiff, are specially appointed to make service of the Writ of Maritime Attachment and Garnishment (together with a copy of this Order, the Summons, Verified Complaint, and Garnishee Interrogatories). Messrs. Johnson, Floyd and Zadkovich may further appoint or engage any other person at least 18 years of age and not a party to this action to make service of the same without further order from the Court; and

IT IS FURTHER ORDERED that upon service of a copy of the Writ of Maritime Attachment and Garnishment upon the Garnishee, the attached property shall be held by the Garnishee, and shall not be paid, disbursed, released, transferred or otherwise moved from the

custody, possession or control of the Garnishee, until further order or upon written authorization from Plaintiff's counsel in this action;

IT IS FURTHER ORDERED that following the initial service by the United States Marshal, specially appointed counsel or other duly-designated process server upon each garnishee, supplemental service of Writ of Maritime Attachment and Garnishment (together with a copy of this Order, the Summons, Verified Complaint, and Garnishee Interrogatories) may be made by facsimile transmission or e-mail to each garnishee; and

IT IS FURTHER ORDERED that all persons claiming any interest in the property attached or garnished pursuant to said Order, upon application to the Court, be entitled to a prompt hearing in accordance with Fed. R. Civ. P. Supp. R. E(4)(f). and Local Admiralty Rule E.1, in which Plaintiff shall be required to show why the attachment should not be vacated or further relief granted; and

IT IS FURTHER ORDERED that supplemental process enforcing this Order may be issued by the Clerk of Court upon application without further order of this Court; and

IT IS FURTHER ORDERED that Plaintiff must give prompt notice to Defendant of an attachment after Plaintiff is advised of the attachment by Garnishee. Such notice must be in writing and may be given by fax, email, or other verifiable electronic means pursuant to Local Admiralty Rule B.2 within five (5) days of receiving notice of the attachment.

IT IS FURTHER ORDERED, in the interest of clarity, that any electronic transfers that the Garnishees process in their capacity as an intermediary bank are not subject to attachment. *See Ship. Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 72 (2d Cir. 2009).

IT IS FURTHER ORDERED that service on any garnishee as described above is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business on the next business day.

IT IS FURTHER ORDERED that this Order shall automatically expire 120 days from the date of its issuance if no assets or other property have been restrained pursuant to this Order, unless the Plaintiff shows good cause for an extension of this Order prior to the expiration of the 120-day period, and all applications for extensions shall be made by letter to the Court.

IT IS FURTHER ORDERED, that upon expiration or vacatur of this Order by reason of the preceding paragraph, this action may be dismissed without prejudice, without costs, and without further notice to any party.

ENTERED at New York, New York, this 25th day of June, 2026.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge