FLOYD ZADKOVICH

**Honorable Jennifer L. Rochon, USDJ**
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Joseph Johnson**
Partner
joe.johnson@floydzad.com
+1 917 375 9511

November 4, 2026

Case No. US187

**Re: Dampskibsselskabet Norden A/S v. Polaris Bank Limited,**
**(26-cv-5207 – JLR)**

Dear Judge Rochon:

We represent Plaintiff Dampskibsselskabet Norden A/S. I write on behalf of both parties to this action. We jointly move by letter-motion for entry of the stipulation and proposed order that is attached hereto.

As the Court will recall, this case involves a FRCP Supplemental Rule B order of maritime attachment in the amount of $6,000,903.25. Among other things, that sum has been attached and is presently being restrained by Garnishee Standard Chartered Bank.

After dismissing this action, the Court was informed that assistance was sought in effectuating the release and disbursement of attached funds, after which this action was reinstated in order for the Court to do so. The Court most recently ordered the parties to submit a proposed order by November 12, 2026, addressing the disbursement of the attached funds and the vacatur of the attachment. Dkt. 27.

Standard Chartered Bank has informed us that the attached monies have to be released before it can make the requested payment to Plaintiff. That is the reason the proposed order is structured in the manner set forth therein. Should the Court have any questions, we are happy to address them. Otherwise, the parties respectfully request the expedited entry of the proposed order, so that the remaining steps can be completed, at which time the parties will file a stipulation of dismissal with prejudice.

Respectfully submitted,

/s/ Joseph Johnson
Joseph Johnson

CC: All Parties (via ECF)

**FLOYD ZADKOVICH (US) LLP**
33 East 33rd St. (9th Floor, Suite 905), New York, NY 10016 USA

Floyd Zadkovich (US) LLP is a limited liability partnership established in the State of New York, advising only on laws of the United States of America. Floyd Zadkovich (US) LLP is a member firm of Floyd Zadkovich (a Swiss Verein). Each member of the Swiss Verein is separately insured and practices law independently of other member firms. The Swiss Verein does not provide any legal services.

| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | |
| DAMPSKIBSSELSKABET NORDEN A/S,<br><br>Plaintiff,<br><br>v.<br><br>POLARIS BANK LIMITED,<br><br>Defendant. | Case No. 1:26-cv-05207-JLR<br><br>Judge Jennifer L. Rochon |
| **~~[PROPOSED]~~ STIPULATION AND ORDER DIRECTING PAYMENT AND RELEASE OF ATTACHED FUNDS, VACATING MARITIME ATTACHMENTS AND GARNISHMENTS, AND PROVIDING FOR DISMISSAL WITH PREJUDICE** | |

**WHEREAS,** on 25 June 2026 the Court entered the Order for Writ of Maritime Attachment and Garnishment pursuant to Admiralty Rule B at Docket No. 10 (the "**Attachment Order**");

**WHEREAS**, funds of Defendant Polaris Bank Limited are restrained by Standard Chartered Bank pursuant to the Attachment Order and Polaris has confirmed that an account maintained with United Bank for Africa in New York remains restricted in connection with the Attachment Order and corresponding writ;

**WHEREAS,** Plaintiff and Defendant have entered into a binding settlement agreement resolving all claims between them arising from or connected with the LADY DEMET dispute, the London arbitration and this action; and

**WHEREAS,** the Parties request an order enabling the release and restoration of the restrained funds to Polaris, the payment of the agreed settlement sum to Norden, and the release or removal of all remaining restraints or restrictions affecting Polaris property or accounts;

**WHEREAS,** on 28 October 2026, at Docket No. 27, the Court reopened this action for the limited purpose of facilitating the Parties' settlement, including the disbursement of funds held pursuant to the Attachment Order and corresponding writ and the subsequent vacatur of those orders, confirmed that all funds presently held pursuant thereto remain under

attachment and restraint, and directed the Parties to submit a proposed order addressing disbursement and vacatur by 12 November 2026;

**IT IS HEREBY STIPULATED AND AGREED, AND ORDERED,** subject to the approval of the Court, as follows:

1. Notwithstanding the Attachment Order or any writ issued under it, Standard Chartered Bank is authorised and directed, upon receipt of this entered Order, the irrevocable written authorisation of Plaintiff's counsel and the Parties' independently verified account instructions, to take the following steps in relation to the funds restrained by it: (a) first release and restore all funds restrained by Standard Chartered Bank to the account or accounts of Defendant Polaris Bank Limited from which those funds were restrained, debited or transferred pursuant to the Attachment Order, or to such alternative Polaris account as may be notified in accordance with the Settlement Agreement if restoration to the originating account is not operationally possible; and (b) immediately thereafter, pursuant to Defendant's independently verified payment instruction, debit US$2,500,000 from the relevant Polaris account and transfer that amount to the account designated by Plaintiff Dampskibsselskabet Norden A/S.

2. Standard Chartered Bank shall complete the release/restoration and payment described in paragraph 1 as soon as reasonably practicable and in any event within two business days after it has received and internally confirmed this entered Order and received all independently verified instructions required to implement it. If Standard Chartered Bank identifies any operational impediment likely to prevent completion within that period, it shall promptly notify the Parties' U.S. counsel.

3. The steps authorised by paragraph 1 shall not constitute a violation of the Attachment Order or any writ, and Standard Chartered Bank shall incur no liability to either Party for complying in good faith with this Order, Plaintiff's counsel's irrevocable authorisation and the independently verified account instructions.

4. Immediately upon completion of the release/restoration and payment specified in paragraph 1, the Attachment Order and every writ of maritime attachment and garnishment issued or served in this action shall automatically and without further application be fully and finally vacated and discharged as against Polaris and its property.

5. Upon completion of the release/restoration and payment specified in paragraph 1, Citibank, N.A., New York Branch and United Bank for Africa, New York Branch are authorised and directed immediately to release to Polaris, or as Polaris directs, all property of Polaris held or restrained pursuant to the Attachment Order or any writ and to remove every related hold, restriction, restraint or garnishment affecting Polaris or its property.

6. Plaintiff's counsel shall promptly deliver copies of this Order to Citibank, N.A., New York Branch and United Bank for Africa, New York Branch in accordance with the terms of the Parties' settlement agreement. In respect of Standard Chartered Bank, Plaintiff's counsel shall simultaneously provide the irrevocable payment and release authorisation contemplated by paragraph 1.

7. The Parties shall file a joint notice of completion and a joint stipulation of dismissal with prejudice no later than one business day after the payment, releases and removal of the relevant restrictions have been completed. Upon the filing of that notice and stipulation, this action shall be dismissed with prejudice as against Polaris, with each Party bearing its own fees and costs, without further order of the Court, and the Clerk shall close the case.

8. Until the joint notice of completion is filed, all deadlines and proceedings in this action are stayed, and Plaintiff shall not seek the issuance nor shall it serve any additional Writ of Maritime Attachment and Garnishment against any other garnishees or seek other security against Polaris or its property in this action.

**SO STIPULATED:**

**FLOYD ZADKOVICH (US) LLP**

Counsel for Plaintiff

By: ______________________

Joseph T. Johnson III

33 East 33rd Street, Suite 905

New York, NY 10016

**DENTONS US LLP**

Counsel for Defendant

By: ______________________

Justin N. Kattan / Carter White

1221 Avenue of the Americas

New York, NY 10020

**SO ORDERED.**

Dated: New York, New York
November 5, 2026

______________________
JENNIFER L. ROCHON
United States District Judge

The Clerk of the Court is directed to terminate the motion at Dkt. 28.