FLOYD ZADKOVICH

**Joseph Johnson**
Partner
joe.johnson@floydzad.com
+1 917 375 9511

**Honorable Jennifer L. Rochon, USDJ**
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

November 17, 2026

Case No. US187

**Re: Dampskibsselskabet Norden A/S v. Polaris Bank Limited,**
**(26-cv-5207 – JLR)**

Dear Judge Rochon:

We represent Plaintiff Dampskibsselskabet Norden A/S. As the Court will recall, this case involves a FRCP Supplemental Rule B order and writ of maritime attachment and garnishment in the amount of $6,000,903.25. Among other things, that sum has been attached and is presently being restrained by Garnishee Standard Chartered Bank.

The Court entered a payment order on November 5, 2026 (Dkt. 29) which provided for release of the attached monies to Defendant and immediate payment therefrom to Plaintiff. However, Standard Chartered Bank expressed concern that the 11-5-26 Order did not guarantee payment to Plaintiff, which was the intended result. As a result, on November 8, 2026, Plaintiff moved by letter-motion for the immediate stay of the enforcement of the 11-5-26 payment order. (Dkt. 30.) On November 9, 2026, the Court granted that letter-motion and stayed the 11-5-26 order in order to allow the parties to confer about how to construct a payment mechanism that ensures Plaintiff's receipt of the settlement sum. (Dkt. 31.)

The parties have now conferred, through counsel, with Standard Chartered Bank, which has approved of the payment structure set forth in the enclosed stipulation and proposed order, namely a direct payment from the attached funds to Plaintiff and the balance to then be unrestrained for the benefit of Defendant.

The parties jointly submit the enclosed stipulation and proposed order and respectfully request expedited entry thereof. We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ Joseph Johnson
Joseph Johnson

CC: All Parties (via ECF)

**FLOYD ZADKOVICH (US) LLP**
33 East 33rd St. (9th Floor, Suite 905), New York, NY 10016 USA

Floyd Zadkovich (US) LLP is a limited liability partnership established in the State of New York, advising only on laws of the United States of America. Floyd Zadkovich (US) LLP is a member firm of Floyd Zadkovich (a Swiss Verein). Each member of the Swiss Verein is separately insured and practices law independently of other member firms. The Swiss Verein does not provide any legal services.

| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | |
| DAMPSKIBSSELSKABET NORDEN A/S,<br><br>Plaintiff,<br><br>v.<br><br>POLARIS BANK LIMITED,<br><br>Defendant. | Case No. 1:26-cv-05207-JLR<br><br>Judge Jennifer L. Rochon |
| **STIPULATION AND [PROPOSED] ORDER DIRECTING PAYMENT AND RELEASE OF ATTACHED FUNDS, VACATING MARITIME ATTACHMENTS AND GARNISHMENTS, AND PROVIDING FOR DISMISSAL WITH PREJUDICE** | |

**WHEREAS,** on 25 June 2026 the Court entered the Order for Writ of Maritime Attachment and Garnishment pursuant to Admiralty Rule B at Docket No. 10 (the "**Attachment Order**");

**WHEREAS,** funds of Defendant Polaris Bank Limited are restrained by Standard Chartered Bank pursuant to the Attachment Order and a Polaris account is restricted by United Bank of Africa in New York in connection with the Attachment Order and corresponding writ;

**WHEREAS,** Plaintiff and Defendant have entered into a binding settlement agreement resolving all claims between them arising from or connected with the LADY DEMET dispute, the London arbitration and this action;

**WHEREAS,** on 28 October 2026, at Docket No. 27, the Court reopened this action for the limited purpose of facilitating the Parties' settlement, including the disbursement of funds held pursuant to the Attachment Order and corresponding writ and the subsequent vacatur of those orders, confirmed that all funds presently held pursuant thereto remain under attachment and restraint, and directed the Parties to submit a proposed order addressing disbursement and vacatur by 12 November 2026;

**WHEREAS,** on 5 November 2026 at Docket No. 29, the Court entered the proposed order filed by the parties;

**WHEREAS,** on 6 November 2026, Standard Chartered Bank advised the parties in accordance with Paragraph 2 of the 5 November 2026 Order that there were operational impediments that prevented Standard Chartered Bank from guarantying completion of the transaction(s) provided by the Order and on 7 November 2026 confirmed that all funds presently held by Standard Chartered Bank remain under attachment and restraint;

**WHEREAS,** on 9 November 2026, the Court stayed enforcement of its 5 November 2026 Order so that the parties could confer to construct a payment mechanism that ensures payment to Plaintiff; and

**WHEREAS,** the Parties request an order enabling the payment of the agreed settlement sum from the restrained funds and thereafter but substantially concurrently the release of all remaining restrained property or restricted accounts to Polaris.

**IT IS HEREBY STIPULATED AND AGREED, AND ORDERED,** subject to the approval of the Court, as follows:

1. Notwithstanding the Attachment Order or any writ issued under it, Standard Chartered Bank is authorised and directed, upon its receipt of this entered Order: (a) First, to transfer from the funds restrained by it US$2,500,000 to the account designated by Plaintiff Dampskibsselskabet Norden A/S; and (b) Second, substantially concurrently, and in any event on the same business day or as soon thereafter as is reasonably practicable, release and restore all remaining restrained funds to the account or accounts of Defendant Polaris Bank Limited from which those funds were restrained, debited or transferred pursuant to the Attachment Order, or to such alternative Polaris account as may be notified in accordance with the Settlement Agreement if restoration to the originating account is not operationally possible.

2. Standard Chartered Bank shall complete the payment and release/restoration described in paragraph 1 as soon as reasonably practicable and in any event within two business days after it has received and internally confirmed this entered Order and received all independently verified instructions required to implement it. If Standard Chartered Bank identifies any operational impediment likely to prevent completion within that period, it shall promptly notify the Parties' U.S. counsel.

3. The respective parties' account information and payment instructions to Standard Chartered Bank shall be supplied through confidential means and shall not be filed on the public docket.

4. The transfers authorised and directed by paragraph 1 shall not constitute a violation of the Attachment Order or any writ, and Standard Chartered Bank shall incur no liability to either Party for complying in a non-negligent manner and in good faith with this Order, and the parties' respective independently verified account information and payment instructions.

5. Upon the Parties' filing of a joint notice of completion of the payment and release/restoration specified in paragraph 1, the Attachment Order and every writ of maritime attachment and garnishment issued or served in this action shall automatically and without further application be fully and finally vacated and discharged as against Polaris and its property.

6. Upon the Parties' filing of a joint notice of completion of the payment and release/restoration specified in paragraph 1, Citibank, N.A., New York Branch and United Bank for Africa, New York Branch are authorised and directed immediately to release to Polaris, or as Polaris directs, all property of Polaris held or restrained pursuant to the Attachment Order or any writ and to remove every related hold, restraint or garnishment.

7. Plaintiff's counsel shall promptly deliver copies of this Order to Citibank, N.A., New York Branch and United Bank for Africa, New York Branch in accordance with the terms of their binding settlement agreement.

8. The Parties shall file a joint notice of completion and a joint stipulation of dismissal with prejudice no later than one business day after the monies have been confirmed by the respective parties as being received and constituting cleared funds. Upon the filing of that notice and stipulation, this action shall be dismissed with prejudice as against Polaris, with each Party bearing its own fees and costs, without further order of the Court, and the Clerk shall close the case.

9. Until the joint notice of completion is filed, all deadlines and proceedings in this action are stayed, and Plaintiff shall not seek the issuance nor shall it serve any additional Writ of Maritime Attachment and Garnishment against any other garnishees or seek other security against Polaris or its property in this action.

10. The Court retains jurisdiction until the filing of the joint notice of completion to enforce this Order.

**SO STIPULATED:**

**FLOYD ZADKOVICH (US) LLP**
Counsel for Plaintiff
By: ____________________
Joseph T. Johnson III
33 East 33rd Street, Suite 905
New York, NY 10016

**DENTONS US LLP**
Counsel for Defendant
By: ____________________
Justin N. Kattan
1221 Avenue of the Americas
New York, NY 10020

**SO ORDERED.**
Dated: New York, New York
November 18, 2026

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge

New York, New York

The Clerk of the Court is directed to terminate the motion at Dkt. 33